UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BENNIE DAIGRE | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. |
| | * | |
| TEXAS ROADHOUSE HOLDINGS, LLC | * | JUDGE |
| d/b/a TEXAS ROADHOUSE GRILL AT | * | |
| 1631 WESTBANK EXPRESSWAY, | * | MAGISTRATE |
| WILLIAM WEINBERG, JEFFREY SCOTT, | * | |
| BRANDI (HOSTESS), AND | * | |
| ARAMARK SERVICES, INC. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF REMOVAL

Defendants, Texas Roadhouse Holdings, LLC (hereinafter "Texas Roadhouse"), and Aramark Uniform & Career Apparel, LLC (incorrectly named as Aramark Services, LLC) (hereinafter collectively "Aramark") hereby remove this action from Civil District Court for the Parish of Orleans, State of Louisiana, to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, on the grounds set forth below:

1.

On February 29, 2016, Bennie Daigre filed a Petition against Texas Roadhouse, Aramark Services, William Weinberg, Jeffrey Scott, and Brandi (Hostess) in the Civil District Court of the Parish of Orleans, State of Louisiana, bearing docket no. 2016-2070, and entitled "*Bennie Daigre v. Texas Roadhouse Holdings, LLC d/b/a Texas Roadhouse Grill at 1631 West Bank Expressway, William Weinberg, Jeffrey Scott, Brandi (Hostess), and Aramark Services, Inc.*" (hereinafter the "state court action").  A copy of the Petition in the State Court is attached hereto as Exhibit "1".

2.

The Petition in the state court action asserts that the petitioner, Bennie Daigre, is the surviving son of Sarah Daigre, and that Sarah Daigre died on January 21, 2016 as a result of a hip injury and subsequent hip surgery, which allegedly prevented treatment for cancer which caused her death. *See*, Petition for Damages, ¶¶ 14 and 18, Exhibit 1 to this Notice of Removal.

3.

The Petition seeks damages from defendants, Texas Roadhouse (restaurant where Petitioner's mother allegedly tripped and fell), Aramark (supplier of the mat on which Petitioner's mother allegedly tripped), as well as three employees of Texas Roadhouse, William Weinberg, Jeffrey Scott, and Brandi (Hostess), for the wrongful death of Sarah Daigre as a result of an accident on September 26, 2015 at a Texas Roadhouse restaurant located in Jefferson Parish. *See,* Petition for Damages, ¶¶ 9 and18, Exhibit 1 hereto.

4.

There is another action pending in this Court arising out of the same facts and circumstances as the state court action that is the subject of this Notice of Removal.  The other action in this Court is entitled "*Sarah Daigre v. Texas Roadhouse Holdings, LLC d/b/a Texas Roadhouse Grill at 1631 Westbank Expressway, William Weinberg, Jeffrey Scott, Brandi (Hostess) and Aramark Services, Inc.*, No 2016-1025- ILRL-DEK  (Lemelle/ Knowles) (the "Sarah Daigre action").

5.

The Sarah Daigre action was previously removed to this Court from the Civil District Court for the Parish of Orleans on February 4, 2016.  No motion to remand was filed and the

Sarah Daigre action remains pending in this Court.

6.

The named defendants and factual allegations in the Sarah Daigre action currently pending in this Court are identical in all material respects to the state court action that is the subject of this Notice of Removal. In the state court action that is the subject of this Notice of Removal, Bennie Daigre, the alleged surviving son of Sarah Daigre, asserts claims for the wrongful death of Sarah Daigre against the same defendants and on the same grounds as asserted in the pending Sarah Daigre action in this Court.

7.

As in the previously removed Sarah Daigre action, there is no viable claim stated by Bennie Daigre under Louisiana law for recovery against the Texas Roadhouse employee defendants and these defendants are improperly joined solely to defeat this Court's diversity jurisdiction.

8.

Because the three individual Texas Roadhouse employee defendants, specifically, William Weinberg, Jeffrey Scott, and Brandi (Hostess) are improperly/fraudulently joined, their citizenship need not be considered for purposes of evaluating this Court's subject matter jurisdiction.

9.

Texas Roadhouse and Aramark hereby remove the Bennie Daigre state court action from the Civil District Court for the Parish of Orleans, State of Louisiana, to this Court pursuant to the provisions of 28 U.S.C. § 1441 et seq. and 28 U.S.C. § 1446 et seq.

## REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 and § 1441.

### The Amount in Controversy is Met

10.

28 U.S.C. § 1332 provides federal district courts with original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States..."

11.

For purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy - preferably in the removal petition, but sometimes by affidavit - that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

12.

On behalf of Bennie Daigre, the Petition seeks monetary recovery for the injuries and death suffered by Sarah Daigre, allegedly as a result of a fall at a Texas Roadhouse restaurant. The Petition alleges that the decedent fractured her hip and due to a subsequent surgery, treatment for cancer was delayed, causing her death on January 31, 2016. *See*, Petition, Exhibit 1, ¶¶ 11, 12 and 14, Exhibit 1 hereto.

13.

Texas Roadhouse and Aramark deny that any act or omission of either of them caused or

contributed to any injury to or death of Sarah Daigre. However, it is facially apparent from the Petition that the amount sought exceeds $75,000, exclusive of interest and costs.

14.

Texas Roadhouse and Aramark have met its burden of showing that the amount in controversy is in excess of $75,000, exclusive of interest and costs.

## Complete Diversity of Citizenship Exists

15.

The only Plaintiff, Bennie Daigre, asserts that he is a resident of the state of Louisiana. *See*, Petition, Introductory Paragraph, Exhibit 1 hereto.

16.

Defendant, Texas Roadhouse Holdings, LLC, is a limited liability company which has a single member, Texas Roadhouse, Inc. Texas Roadhouse, Inc. is incorporated in the state of Delaware and has its principal place of business in Kentucky.

17.

Defendant, Aramark Uniform & Career Apparel, LLC, is a limited liability company which has a single member, Aramark Uniform and Apparel Group, Inc., which is a corporation organized under the laws of the state of Delaware and has its principal place of business in Pennsylvania. Incorrectly named Aramark Services, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business in Pennsylvania.

18.

Complete diversity of citizenship exists between all plaintiffs and all properly named defendants.

### The Individual Texas Roadhouse Employee Defendants are Improperly Joined and their Citizenship Can Be Disregarded for Diversity Purposes

19.

The only other defendants named in the state court action are each individuals and employees of Texas Roadhouse.  Each was improperly/fraudulently joined solely to defeat this Court's diversity jurisdiction and their citizenship can be disregarded in determining the existence of subject matter jurisdiction in this Court.  *Burden v. Gen. Dynamics Corp.,* 60 F.3d 213, 2217-18 (5th Cir. 1995) (defendants improperly joined are ignored for purposes of diversity jurisdiction).  To establish that a defendant has been improperly joined, courts must find either: 1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or 2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court.  *Burden*, 60 F.3d at 217.  With respect to the second prong, courts consider whether there is any "reasonable probability of recovery" against the non-diverse defendant and whether, as a matter of law, there is "no reasonable basis for predicting that the plaintiff might establish liability against a named in-state defendant in state court." *Id.*  The Fifth Circuit in *Smallwood v. Illinois Central Railroad Company, et al*, 385 F.3d 568 (5th Cir. 09/10/04) made clear that if the Petition cannot be read to disclose any viable cause of action against a non-diverse defendant and there is no reasonable potential for the plaintiff to recover against the non-diverse defendant based on the allegations made, the non-diverse defendant is improperly or fraudulently joined and his citizenship can be disregarded for diversity purposes.

20.

The Petition in the state court action discloses no viable claim against any of the

individual employees of Texas Roadhouse and no reasonable probability that the Petitioner can recover against any of them.

21.

The improperly/fraudulently joined defendants are: William Weinberg, who is alleged to be an assistant manager of Texas Roadhouse, and Jeffrey Scott, who is alleged to be a managing partner of Texas Roadhouse. *See*, Petition, ¶ ¶2 and 3, Exhibit 1 hereto. The third named employee is "Brandi (Hostess)," whose last name is unstated is alleged to have "frequented the front area of Texas Roadhouse." *See*, Petition, ¶ ¶2 and 3, Exhibit 1 hereto. Each of these employees is alleged to be a citizen of state of Louisiana. *See*, Petition, ¶ ¶2, 3 and 4, Exhibit 1 hereto.

22.

The three named Texas Roadhouse employees are the only non-diverse defendants, and without their presence in the state court action, diversity jurisdiction plainly exists. However, because no viable cause of action is stated against the named Texas Roadhouse employees, they are improperly/fraudulently joined and their citizenship can be disregarded in evaluating the Court's subject matter jurisdiction. *Driver v. Wal-Mart Louisiana, LLC*, 2009 WL 2913938 (E.D. La. 9/9/09).

23.

Further, with respect to "Brandi," whose last name is unstated, the joinder of this defendant can be disregarded in determining whether removal jurisdiction exists under 28 U.S.C. § 1441 (a) because "for purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." Alternatively, Texas Roadhouse avers that it has no

employee named "Brandi," who was working at the restaurant on the day of the alleged injury to Sarah Daigre. Consequently, the citizenship of "Brandi" who is fictitious and/or non existent can be disregarded in determining the existence of this Court's subject matter jurisdiction.

24.

With respect to the two other named employees, Weinberg and Scott, under Louisiana law, a store employee is not liable for an invitee's injury premises unless four distinct criteria are satisfied. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303 (5th Cir. 2005), citing *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973). The four criteria to impose liability on individual store employee are: First, the premises owner must owe a duty of care to the plaintiff, the breach of which caused the damage for which recovery is sought. Second, the premises owner must have delegated that duty to the individual employee. Third, the non diverse employee defendant must have breached the delegated duty through "personal (as contrasted with technical or vicarious) fault." Personal liability cannot be imposed upon an employee "simply because of his general administrative responsibility for performance of some function of the employment." *Id*. at 721.

25.

Under the Louisiana Supreme Court's test in *Canter* as outlined by the Fifth Circuit in *Guillory*, the Petition fails to state a viable claim against any of the Texas Roadhouse named employees. The Petition does not allege that Texas Roadhouse delegated any duty of care to these employee defendants, the breach of which was causative of this accident. The Petition does not allege that these employees caused or actively contributed to the allegedly defective mat or other condition injuring Sarah Daigre. Without specific allegations that the employer

delegated one or more specific duties to the named employee and that the employees actively and personally breached that delegated duty, no viable claim exists. *Carter v. Wal-Mart*, 04-72, 2005 WL 1831092 (W.D. La. 7/28/05); *Gautreau v. Lowe's Home Ctr., Inc.*, No. 12-630, 2012 WL 7165280, at *4 (M.D. La. 12/19/2012) (general manager of store allegedly "knew or should have known of the hazardous condition and failed to remedy it"; no claim because none of the allegations against the store manager contain any facts that distinguished his alleged personal duty to the plaintiff from his general administrative responsibilities as the store manager); *Driver v. Wal-Mart La., LLC*, No. 09-786, 2009 WL 2913938, at *3 (W.D. La. 9/9/09) (employees not properly joined where no allegations that they actually placed the box that fell on plaintiff; "classic case" of attempting to place liability on a store manager "simply because of his general administrative responsibility for performance of some function of employment."); *Dodson v. K-Mart Corp.*, 891 So.2d 789, 794 (La. App. 3 Cir. 2004) (store manager not liable for slip and fall because no showing that he personally saw the hazard and failed to correct it); *Green v. K-Mart Corp.*, 849 So.2d 814, 822 (La. App. 3 Cir. 2003), *affirmed in part and reversed in part on other grounds*, 874 So.2d 838 (La. 2004) (store manager not liable for injuries caused by falling merchandise where no personal knowledge of the hazardous condition); *Bertrand v. Fischer*, 2009 WL 5215988 (W.D. La.2009) (joinder of the store manager improper because manager was not alleged to have caused the spill or have personal knowledge of it; no personal link between his actions and the accident and only allegations of his general administrative responsibilities); *Henry v. O'Charleys Inc.*, 861 F.Supp.2d 767 (W.D. La. 1/30/12) (store employee improperly joined because no allegation that he caused the spill or had personal knowledge of it).

26.

The specific allegations against the named Texas Roadhouse employees are essentially limited to Paragraph 16 of the Petition:

"Paragraph 16"

"That the fall and injuries sued sustained by Sarah Daigre which led to her undergoing surgery and prevented her from being treated for cancer resulted from the negligence of and breach of duty by Texas Roadhouse Holdings, LLC, its agents, servants, and employees, including but not limited to William Weinberg, Jeffrey Scott and Brandi (HOSTESS) by reason of the following:

- a. Failing to maintain its entry way in a condition which allowed its patrons safe entrance into the premises.

- b. Weinberg and Scott had a duty to use reasonable care but failed to discover that the rubber edge of the carpet in question was worn, and as the result, did not properly adhere to the floor.

- c. Weinberg and Scott had a duty to use reasonable care but failed to provide patrons entering the premises with a carpet which adheres to the floor; which would have prevented the fall which brought this matter about.

- d. Weinberg, Scott and Brandi allowed the said carpet to buckle, and remain in a buckled condition, creating a tripping hazard in an entrance where defendants knew or should have known that its customers would be prone to look straight toward the hostess at the reservation desk upon entry or otherwise direct their gaze to areas other than the floor.

- e. Weinberg and Scott violated their duty to use reasonable care by using a frayed and old carpet in an entrance where customers, especially elderly customers such as Sarah Daigre, would probably not notice its condition.

- f. In failing to train its hostesses, hosts, and other employees in matters pertaining to the safety of the premises, including

       inspection of the carpet to ensure it laid flat.

g.    In failing to enforce rules having to do with the employees' responsibility for the safe condition of the premises, including rules Brandi was required to follow to ensure the absence of tripping hazards at the entrance.

h.    By engaging in inaction which effectively created the very hazardous and unreasonably dangerous condition which caused Sarah Daigre to fall and seriously injure herself.

i.    In the failure of various employees including Brandi stationed near the door, for the purpose of greeting guests, taking names, carrying biscuits to the table, etc. to observe the condition of the carpet, and in Brandi's failure (and other employees) to take any action whatsoever to correct that condition and prevent Sarah Daigre's fall."

*See*, Petition for Damages, ¶ 16, Exhibit 1 hereto.

27.

None of the above allegations assert that Texas Roadhouse delegated any duty that it may have had related to the condition of its premises or of the mat in question to any of one of the named employees or that any one of the named employees *caused* the alleged defective condition or *knew* of the alleged defective condition. To the contrary, a fair reading of the Paragraph 16 of the Petition is that Texas Roadhouse employees are named generically, and among all other "agents, servants and employees" of Texas Roadhouse who "knew or should have known" of a hazardous condition. The gravamen of the Petition is that *Texas Roadhouse* ("through its agents, servants and employees including but not limited to William Weinberg, Jeffrey Scott and "Brandi" (Hostess)") failed to maintain the entryway and the mat in question in a safe condition. Generic allegations do not state a claim under Louisiana law against store employees and the Petition does not disclose the required "reasonable probability of recovery" against any of the

named Texas Roadhouse employees.

28.

There is no allegation in the Petition in the state court action that the named Texas Roadhouse employees caused or created any hazardous condition; had knowledge of the condition on the date of the incident; or are named for any other reason than their general administrative functions as "managers."

29.

Because the Petition fails to assert specific facts that would give rise to a personal duty owed by any of the named store employees, the Petition does not disclose a viable claim against the Texas Roadhouse employees, William Weinberg, Jeffrey Scott, and Brandi (Hostess), and thus the citizenship of these individual defendants can be disregarded.

30.

Accordingly, there is complete diversity of citizenship between all plaintiffs and all properly named defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## Consent Of All Defendants to Removal

31.

Other than the removing defendants, Texas Roadhouse and Aramark, the only other defendants are individual Texas Roadhouse employees, William Weinberg, Jeffrey Scott and Brandi (Hostess), who are not properly joined.  Pursuant to 28 U.S.C. § 1446(b) (2) (A), their consent to remove is not required.  However, in an abundance of caution, William Weinberg and Jeffrey Scott have provided their consent to the removal of the state court action.  See, Consent

to Removal, Exhibit 2 hereto.  Texas Roadhouse knows of no employee named "Brandi" working as a hostess or otherwise at the restaurant in question on the date of the alleged incident.  No consent to remove by fictitious defendant "Brandi" is required or available.

32.

Therefore, for each of the foregoing reasons, this is a civil action over which the Court has jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq*. and 28 U.S.C. § 1441, *et seq*.

### Removal is Timely

33.

The state court petition was filed in the Civil District Court for the Parish of Orleans on February 29, 2016.  Aramark was served with the Petition for Damages in the state court action on March 9, 2016.  See Service of Process transmittal, Exhibit 3 hereto.

34.

The Notice of Removal is timely filed within thirty (30) days of the receipt by Aramark of the initial pleadings setting forth the claim or relief upon which this civil action is based in accordance with 28 U.S.C. § 1446(b).

### Venue is Proper

35.

The Civil District Court for the Parish of Orleans is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98.  Therefore, venue is proper in this District.

### All Notices and Pleadings Provided

36.

Pursuant to 28 U.S.C. §1446(a), a copy of the Petition for Damages is attached hereto as

Exhibit 1 to the Notice of Removal and comprises the entire known record in the state court action. No other process, pleadings or orders have been served upon any defendant.

### Jury Demand

37.

Texas Roadhouse and Aramark request trial by jury.

**WHEREFORE**, Defendants, Texas Roadhouse Holdings, LLC and Aramark Uniform & Career Apparel, LLC (incorrectly named as Aramark Services, LLC) hereby remove this action from Civil District Court for the Parish of Orleans, State of Louisiana, to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
*Attorneys at Law*

By: s/Maureen O. Sullivan
**MAUREEN O. SULLIVAN, T.A. (#12572)**
Maureen.Sullivan@lewisbrisbois.com
400 Poydras Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: (337) 326-5777
Facsimile: (504) 754-7569
Attorneys for defendant,
***Aramark Uniform & Career Apparel, LLC ,
incorrectly named as Aramark Services, Inc.***

**HEBBLER & GIORDANO, L.L.C.**
*Attorneys at Law*

By: s/Charles v. Giordano
**CHARLES V. GIORDANO,T.A. (#22392)**
giordano@hebblergiordano.com
**MICHAEL E. ESCUDIER (#26761)**
escudier@hebblergiordano.com

14

>**DEVIN J. BARNETT (#33001)**
>barnett@hebblergiordano.com
>3501 N. Causeway Boulevard, Ste. 400
>Metairie, Louisiana  70002
>Telephone:  (504) 833-8007
>Facsimile:   (504) 833-2866
>Attorneys for defendant,
>*Texas Roadhouse Holdings, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Notice of Removal has been served electronically upon all counsel of record who utilize the CM/ECF system and has been mailed to all other counsel of record by placing same in United States First Class Mail, properly addressed and with sufficient postage affixed, this 18th day of March, 2016.

>/s/Maureen O. Sullivan
>Maureen O. Sullivan